

1  CLARICE C. LIU (SBN 160555)
   LIU EMPLOYMENT LAW FIRM
2  One Sansome Street, 35th Floor
   San Francisco, CA 94104
3  Telephone: (415) 288-8622
4  Facsimile: (415) 288-8633
   Email: ccl@liuemploymentlaw.com
5
   Attorneys for Plaintiff
6  IAN SPANDOW
7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9
10 IAN SPANDOW,                          CASE NO. CV 14 0095
11
12         Plaintiff,                    **COMPLAINT FOR EMPLOYMENT
                                         DISCRIMINATION BASED ON
13    v.                                 NATIONAL ORIGIN AND
                                         RETALIATION**
14 ORACLE AMERICA, INC., ORACLE
   CORPORATION, and DOES 1 through 100,  **DEMAND FOR JURY TRIAL**
15 inclusive,
16         Defendants.
17
18
19
20
21
22
23
24
25
26
27
28
   _____
                  COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Plaintiff IAN SPANDOW alleges as follows:

## NATURE OF THE ACTION

1. This action is brought by Plaintiff Ian Spandow, a Senior Regional Sales Manager at Oracle, who consistently demonstrated his excellence in achieving and surpassing numerous benchmarks and goals at the company, since he worked with Oracle in Europe and later moved to Oracle in California from Ireland. In violation of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e *et seq.*, Oracle discriminated against Plaintiff based on his national origin, and terminated him abruptly upon his refusal to participate in the company's discriminatory employment practice of paying Indian employees a salary substantially below those of similarly situated Caucasian employees.

2. Plaintiff's opposition to, and refusal to participate in, Oracle's discriminatory employment practice were met with hostility by Oracle's Human Resources and management, epitomized by his supervisor's racist retort that the salary would be "good money for an Indian."

3. When Plaintiff further questioned the company's disparate compensation based on race and national origin, Oracle abruptly terminated Plaintiff within weeks, contrary to the company's routine termination procedures, without any prior warning or disciplinary actions.

## PARTIES

4. Plaintiff IAN SPANDOW (hereinafter "Plaintiff") was at all times herein mentioned a resident of the County of San Francisco, and employed in the County of San Mateo, State of California in the United States of America.

5. Defendants ORACLE CORPORATION and ORACLE AMERICA, INC. (hereinafter collectively, "Defendants" or "ORACLE") are, and at all times herein mentioned were doing business in Redwood Shores with its principal place of business located at 500 Oracle Parkway, Redwood City, California 94065. ORACLE does business in the Northern District of California.

6. The true names and capacities of Defendants named herein as DOES 1-100 inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff and

-2-
COMPLAINT FOR DAMAGES

therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes that DOE Defendants are subject to the jurisdiction of this court. Plaintiff will amend this Complaint to show true names and capacities when they have been determined.

7. Plaintiff is informed and believe, and based on that information and belief, alleges that at all times mentioned in this Complaint, Defendants DOES 1-100 were the agents and employees and/or agents of Defendants, and in doing actions mentioned below were, unless otherwise alleged, acting within the course and scope of their authority as such agents, servants, partners and employees with the permission and the consent of Defendants.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, which grants district courts jurisdiction over actions alleging unlawful and discriminatory employment practices by employers involving race, national origin and/or discrimination and retaliation.

9. Venue is proper in the Northern District of California pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred and injury and damage to Plaintiff occurred in its jurisdictional area.

10. This Court has personal jurisdiction over ORACLE. ORACLE has conducted and does conduct business within the State of California and within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff Spandow has exhausted his administrative remedies. He filed timely administrative charges of discrimination against ORACLE with the U.S. Equal Employment Opportunity Commission (EEOC) and was issued a Notice of Right to Sue on September 26, 2013.

12. The parties further entered a tolling agreement, in light of a private mediation, for all applicable statutes of limitations to be tolled until January 9, 2014.

-3-
COMPLAINT FOR DAMAGES

## STATEMENT OF THE FACTS

13. Plaintiff is an experienced senior-level manager specializing in sales methodology, coaching and leadership training.

14. In August 2005, Plaintiff joined ORACLE EMEA in Europe. After less than one year as a sales coach, he was promoted to Lead Sales Instructor due to his excellent work performance. In that capacity, Plaintiff trained over 1,000 new hires, coached hundreds of sales representatives on sales skills, provided on-the-job training and assistance on significant opportunities, and implemented new learning methods.

15. Based on his success in that position, Plaintiff was promoted in January 2008 at ORACLE EMEA as a Coaching Manager. In that vital role, Plaintiff served as a Coaching Team Manager responsible for coaching, performance management, and career development of team members. He managed and led coaching teams in Dublin, Paris, Potsdam, Prague and Dubai. In this position, Plaintiff had significant personnel management duties. He directly managed the work activities of three internationally based direct reports holding the titles of Sales Skill Coaches.

16. Plaintiff's accomplishments attained at ORACLE EMEA included the following: the Tech GB (UK) "Significant Contributor Award" for coaching in 2005; the "EMEA Innovation Award" in 2006 for development of new sales coaching tool; and the "Best Mentor" Award in 2010.

17. During his tenure at ORACLE EMEA, Plaintiff had the distinction of training more than 2,000 ORACLE staff in more than 12 countries. He was provided sterling and voluminous feedback from the staff in his training, which would substantiate the excellence of his work history.

18. Based on his outstanding accomplishments at ORACLE EMEA, Plaintiff was again

promoted and recruited to move to the ORACLE Headquarters at Redwood Shores, California, in the United States with an L-1 Visa.

19. In the position as the Sales Manager in the area of Business Development, Plaintiff was responsible for all of ORACLE'S USA inbound inquires for 36 Representatives and Regional Managers. He led teams in Burlington, Massachusetts; Reston, Virginia; and Bangalore, India. Each of these teams achieved or significantly exceeded their targets. While managing these teams, Plaintiff also functioned as the Lead Sales Skills Instructor & Management Coach for North America.

20. At Oracle in California, Plaintiff trained over 100 Sales Managers on leadership skills, trained more than 500 new sales representatives, trained instructors on improved and new delivery skills, designed and documented a new on-boarding program, and designed and implemented a new Sales Strategy.

21. In July 2012, Plaintiff became the Senior Regional Manager in Database Sales at ORACLE where he was responsible for Database Sales in Southern California and the Rocky Mountain Region. He excelled at his work in ORACLE as demonstrated by numerous benchmarks and awards. For example, he was recognized with the "Boiling Point" Award for significant contribution to management skills in 2011. Plaintiff won the "Significant Contributor" Award for coaching reps and managers. In 2012, he achieved 170% of fiscal goal for Q1, and achieved 130% of fiscal goal for Q2.

22. Despite his outstanding achievement at ORACLE, Plaintiff experienced discriminatory and retaliatory conduct based on his national origin and after his complaint of various improper practices, including the company's discriminatory pay practices of employees based on their national origin.

## OPPOSITION TO DISCRIMINATORY CONDUCT

23. As a Senior Regional Sales Manager, Plaintiff was required to hire new sales staff as part of his job duties. In September 2012, he applied for the approval for an ORACLE staff member in India to transfer to ORACLE in California. Said employee had a successful track record within ORACLE in his approximately seven years at the company.

24. Based on employee's experience and the salary for comparable hires, Plaintiff sought approval from management for an offer to him a compensation level that was equivalent to Caucasian employees hired by ORACLE for the same position. ORACLE'S management, however, denied Plaintiff's request and ordered him to offer a substantially lower salary to the Indian employee. In fact, just weeks prior to this incident, ORACLE authorized Plaintiff to make an offer of a substantially higher salary to two other Caucasian employees for identical positions as the one to be filled by the Indian candidate.

25. Moreover, when Plaintiff asked Vice President Ryan Kelley whether all salaries had been reduced, confirmed replied that the salary structure had not changed. Accordingly, Plaintiff wrote to Human Resources Department and stated his belief that the offer of a lower salary to an Indian employee (compared to Caucasian employees) was improper, as it was prejudicial to hire employees doing exactly the same job, but pay the Indian employee approximately substantially less than the Caucasian employees. Plaintiff was chastised by ORACLE's Human Resources and his supervisor for his protest of the disparate treatment of Indian employees. Plaintiff is further informed and believes that ORACLE has engaged, and continues to engage, in a pattern of paying Indian employees wages that are substantially lower than those paid to Caucasian employees.

26. In one of the emails Mr. Spandow wrote to his supervisor Ryan Bambling on October 23, 2012:

-6-
COMPLAINT FOR DAMAGES

"Hi Ryan, . . .

[P****] is a 7 year Oracle professional who has already been in my team (Jan 2010 – Jan 2011). He knows everyone on the team, and will of course, know what they earn within days of arriving. Moreover, he has 6+ years Oracle experience ahead of them.
I can't, in good conscience, even mention $50K/$50 to him. <u>It would be nothing short of discriminating against him based on his ethnicity/country of origin</u>. . .

So my question to you? How or what do I have to do / write to get a reasonable (60+) offer to him?"

Email from Ian Spandow to Ryan Bambling dated October 23, 2012 (emphasis added; Employee's name redacted for privacy).

27.     Mr. Spandow was met with a stern response and warned about his inquires. When Plaintiff raised his concern to his Sales Director Keith Trudeau, Plaintiff was rebuked by Mr. Trudeau, who told Plaintiff that the salary would be "good money for an Indian."

## ABRUPT TERMINATION UPON COMPLAINT

28.     Later, ORACLE's Human Resources manager Melissa Bogers sent an email to Plaintiff, summoning him to a meeting to discuss his email opposing the discriminatory pay practice. In that meeting, Ms. Bogers was insistent of the company position that it was fair to offer the Indian employee a lower salary than the other Caucasian employees who were just hired within the past months at a higher salary for the same position. After the meeting, Plaintiff again submitted request to management for the candidate's salary to be approved at the higher comparable level as the other employees. However, within weeks of the discussion with Ms. Bogers, Plaintiff was summarily terminated on December 5, 2012.

29.     As a manager at ORACLE, Plaintiff was trained and was required by management to follow specific procedures in the termination of an employee, including providing verbal warning, written warning and/or performance improvement plan. In this case, Plaintiff was summarily terminated without any warning – within weeks of his opposition to ORACLE's employment practices.

-7-
COMPLAINT FOR DAMAGES

## FIRST CLAIM FOR RELIEF

## UNLAWFUL DISCRIMINATION BASED ON RETALIATION

30. Plaintiff hereby realleges and incorporates by reference as though set forth in their entirety each and every other allegation herein.

31. Defendants, through their agents, have retaliated against Plaintiff by terminating him on the basis of his having opposed unlawful practices, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-3 *et seq.* as amended.

32. At all times herein mentioned, Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-3 *et seq.* as amended, was in full force and effect and was binding on ORACLE.

33. As more fully set forth in the preceding paragraphs of this Complaint, Plaintiff opposed Defendants' illegal and discriminatory practices prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-3 *et seq.* as amended, when Plaintiff raised objections to ORACLE's management and his supervisors regarding the unfair pay practices of the discriminatory compensation structure based on race and national origin.

34. The foregoing conduct by Defendants violates Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-3 *et seq.*, which provides that retaliation against employees for opposing any discriminatory practices is illegal.

35. The acts of Defendants alleged above were done maliciously and/or oppressively. Accordingly, Plaintiff is entitled to recover punitive damages against Defendants. Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

36. As a proximate result of the discrimination and retaliation of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to his damages in an amount to be determined at trial and according to proof.

## SECOND CLAIM FOR RELIEF

## UNLAWFUL DISCRIMINATION BASED ON NATIONAL ORIGIN

37. Plaintiff hereby realleges and incorporates by reference as though set forth in their entirety each and every other allegation herein.

38. Defendants have unlawfully discriminated against Plaintiff based on his national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 *et seq.* as amended.

39. Plaintiff is a member of a protected group based on his national origin (Ireland), working at ORACLE in the United States on an L-1 Visa.

40. Defendants treated Plaintiff less favorably than similarly situated employees who are not in the protected class and replaced him with an employee outside of his protected category in the terms of his employment.

41. Defendants have discriminated against Plaintiff in the terms and conditions of his employment on the basis of his protected group status in violation of Title VII.

42. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until the Court grants relief.

**43.** The foregoing conduct by Defendants violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 *et seq.*, which provides that retaliation against employees for opposing any discriminatory practices is illegal.

44. The acts of Defendants alleged above were done maliciously and/or oppressively. Accordingly, Plaintiff is entitled to recover punitive damages against Defendants. Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

45. As a proximate result of the discrimination and retaliation of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental

anguish and severe emotional and physical distress, all to his damages in an amount to be determined at trial and according to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages, including losses in wages, medical and other benefits;
2. For exemplary and punitive damages;
3. For a declaration that Defendants' conduct is unlawful;
4. For all injunctive relief necessary to bring Defendants into compliance with the aforementioned laws;
5. For an award of interest, including pre-judgment interest at the legal rate;
6. For an award of attorney's fees and costs;
7. For liquidated damages;
8. For costs of suit incurred; and
9. For such other and further relief as the Court deems appropriate.

DATED: January 7, 2014         LIU EMPLOYMENT LAW FIRM

By: _____
CLARICE C. LIU
Attorney for Plaintiff IAN SPANDOW

### DEMAND FOR JURY TRIAL

Plaintiff IAN SPANDOW hereby demands a trial by jury in this action.

DATED: January 7, 2014         LIU EMPLOYMENT LAW FIRM

By: _____
CLARICE C. LIU
Attorney for Plaintiff IAN SPANDOW

-10-
COMPLAINT FOR DAMAGES