CLARICE C. LIU (SBN 160555)
LIU EMPLOYMENT LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 288-8622
Facsimile: (415) 288-8633
Email: ccl@liuemploymentlaw.com

Attorneys for Plaintiff
IAN SPANDOW

Vedder Price (CA), LLP
Brendan Dolan, Bar No. 126732
bdolan@vedderprice.com
Lucky Meinz, Bar No. 260632
lmeinz@vedderprice.com
275 Battery Street
Suite 2464
San Francisco, California 94111
T: +1 (415) 749-9500
F: +1 (415) 749-9502

Attorneys for Defendant
ORACLE AMERICA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN SPANDOW,<br><br>              Plaintiff,<br><br>    v.<br><br>ORACLE AMERICA, INC., ORACLE CORPORATION, and DOES 1 through 100, inclusive,<br><br>              Defendants. | CASE NO. C-14-00095-SBA<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

JOINT CASE MANAGEMENT STATEMENT

Plaintiff IAN SPANDOW, and defendants ORACLE AMERICA, INC., ORACLE CORPORATION (the "Parties") submit the following Joint Case Management Statement.

**1.      Jurisdiction and Service:**

On January 7, 2014, Plaintiff filed this action in the United States District Court, Northern District of California, alleging claims for discrimination based on retaliation and discrimination based on national origin pursuant to Title VII of the Civil Rights of Act of 1964, 42 U.S.C. §§ 2000e *et seq.* The Court has original jurisdiction pursuant to 28 U.S.C. §1331. There are no issues regarding personal jurisdiction or venue. All defendants have been served.

**2.      Facts:**

a.      Brief Chronology Of Facts

Plaintiff

Plaintiff Ian Spandow was a Senior Regional Sales Manager at Oracle. Defendants discriminated against Plaintiff based on his national origin, and terminated him abruptly upon his refusal to participate in the company's discriminatory employment practice of paying Indian employees a salary substantially below those of similarly situated Caucasian employees. Upon Plaintiff's opposition to, and refusal to participate in, Oracle's discriminatory employment practice, Plaintiff was abruptly terminated contrary to the company's routine termination procedures, without any prior warning or disciplinary actions.

Defendants

Defendant denies that it discriminated against Plaintiff based on his national origin or due to his alleged failure to participate in alleged discriminatory employment practices. Defendant further denies that Plaintiff was abruptly terminated for opposition to or refusal to participate in an alleged discriminatory employment practice. Plaintiff was terminated for entirely lawful reasons. He engaged in unprofessional and demeaning communications directed at other employees of Defendant and was terminated for that conduct.

3. **Legal Issues:**

The following is a brief statement of the primary legal issues in dispute:

a)   Whether Defendants retaliated against Plaintiff for opposing disparate treatment based on race in violation of 42 U.S.C. §§ 2000e *et seq.*;

b)   Whether Defendants discriminated against Plaintiff on the basis of his national origin in violation of 42 U.S.C. §§ 2000e *et seq.*;

c)   Whether Plaintiff suffered an adverse employment action;

d)   Whether Defendants acted for legitimate, non-discriminatory reasons with respect to any adverse employment action; and

e)   Whether Plaintiff engaged in protected activity under 42 USC §§2000e *et seq.*

4. **Motions:**

Plaintiff does not anticipate filing any motions at this time.

Defendant anticipates filing a motion for summary judgment.

5. **Amendment of Pleadings:**

At this time, the Parties do not anticipate any amendments to the pleadings.

6. **Evidence Preservation:**

The Parties have reviewed the ESI Guidelines and confirm that they have met and conferred regarding evidence preservation. The parties have taken all reasonable and proportionate steps to preserve evidence, including ESI, in accordance with the Northern District Local Rules.

7. **Disclosures:**

The parties will exchange initial disclosures on April 2, 2014 in compliance with Federal Rule of Civil Procedure 26 and/or the Case Schedule provided by the Court.

8. **Discovery:**

Plaintiff will serve all written discovery provided by the Federal Rules of Civil Procedure and depose witnesses who appear to dispute the contention that Plaintiff was discriminated against

-3-
JOINT CASE MANAGEMENT STATEMENT

because of his national origin and retaliated against him because of his opposition to illegal conduct.

Defendant will serve requests for production of documents and possibly interrogatories and will take the deposition of the Plaintiff. It is unknown at this time but not anticipated whether Defendant will seek further depositions other than experts.

**Discovery Plan**

**(1) What changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

The parties do not propose that any changes should be made to the timing, form or requirement for disclosures under Rule 26(a).

**(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

Plaintiff does not request that discovery by in phases or on particular issues. Plaintiff anticipates conducting discovery regarding Defendants' purported reasons for Plaintiff's termination.

The parties do not believe that discovery should be conducted in phases. The parties anticipate that discovery will be completed by the dates set forth in **Paragraph 17** below.

**(3) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

At this point the parties do not anticipate any issues about disclosure or discovery of electronically-stored information. The parties plan to meet and confer regarding the medium for production of documents and will produce documents in hard copy and/or electronic form.

**(4)    Issues about claims of privilege or of protection as trial-preparation materials, including - if the parties agree on a procedure to assert these claims after production - whether to ask the court to include their agreement in an order.**

At this time, the parties do not anticipate any issues about claims of privilege or of protection.

**(5)    What changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules, and what other limitations, if any, should be imposed.**

Plaintiff is agreeable to the limitations on discovery pursuant to the Federal Rules of Civil Procedure and Local Rules. Plaintiff currently anticipates taking 5 to 6 depositions of non-expert witnesses. At the Rule 26(f) conference, Defendants indicated their desire to take Plaintiff's deposition for a duration in excess of the 7-hour limit as provided by the Federal Rules of Civil Procedure Rule 30(d)(1). Plaintiff offered to provide an additional hour of his deposition for a total of 8 hours of deposition to be completed in one day.

 Defendant does not anticipate that it will be feasible to complete the deposition of the Plaintiff in 7 hours given the anticipated volume of documents relevant to the examination and the subject matter of the claims asserted by the Plaintiff. The 5 or 6 persons that Plaintiff intends to are certain to take significantly more than 14 hours total and will comprise many more hours of deposition than the 7 hours of deposition that Defendant is permitted, or the 8 hours that have been offered as a compromise. Defendant requests that it be granted 14 hours of deposition of Plaintiff and strongly believes that the additional deposition time is necessary to enable it to defend itself appropriately.

**(6)    Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

Plaintiff anticipates stipulating to the standard protective order.

-5-
JOINT CASE MANAGEMENT STATEMENT

9. **Class Actions:**

This is not a class action.

10. **Related Cases:**

The parties are unaware of any related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

11. **Relief:**

Plaintiff seeks damages for loss of earnings and for pain and suffering, punitive damages, and attorney's fees and costs.

12. **Settlement and ADR:**

The parties have discussed the prospects for settlement and have complied with ADR L.R. 3-5. The parties had previously engaged in private mediation without success.

The Parties have agreed to proceed in this matter with an Early Neutral Evaluation.

13. **Consent to Magistrate Judge For All Purposes:**

Plaintiff does not consent to assignment of this case to a United States Magistrate Judge.

Defendant did consent to the matter having been originally assigned to Judge LaPorte.

14. **Other References:**

The parties do not believe this case is appropriate for either binding arbitration or MDL proceedings.

15. **Narrowing of Issues:**

At this time the parties do not believe that there are any issues that can be narrowed by agreement or by motion. While it is too early to state with certainty, Plaintiff believes that he may be able to expedite the presentation of evidence at trial by stipulating to any appropriate facts. Defendant believes that consideration of such a stipulation is premature. The parties do not request a bifurcation of issues, claims, or defenses at this time.

16. **Expedited Trial Procedure:**

The parties agree that this case should not be handled on an expedited schedule with streamlined procedures.

17. **Scheduling:**

The parties propose the following schedule of future proceedings:

| | |
|---|---|
| Expert Disclosure: | November 21, 2014 |
| Expert Rebuttal: | December 22, 2014 |
| Discovery Close: | February 9, 2015 |
| Law & Motion: | February 9, 2015 |
| Final Pretrial Conference: | March 9, 2015 |
| Trial: | March 23, 2015 |

18. **Trial:**

Plaintiff has requested a jury trial.

Plaintiff anticipates that trial will take between 7-9 days.

19. **Disclosure of Non-Party Interested Entitles or Persons:**

Plaintiff certifies that no person, firm, or entity has a financial or other interest in this case. Defendant filed the certification of interested entities or persons required by Civil Local Rule 3-16. As stated in that document:

- Oracle Corporation has no parent corporation and no entity owns 10% or more of its stock.

- Oracle America, Inc. is a wholly-owned subsidiary of Oracle Systems Corporation.

Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Oracle Systems Corporation, Oracle Corporation and Oracle America, Inc.

**20.   Other Matters:**

The parties are not aware of any other matters.

                                                Respectfully Submitted By,

DATED: April 2, 2014          LIU EMPLOYMENT LAW FIRM

                                                        /s/

                                      By: _____
                                            CLARICE C. LIU
                                            Attorney for Plaintiff IAN SPANDOW

DATED: April 2, 2014          VEDDER PRICE

                                                        /s/

                                      By: _____
                                            BRENDAN DOLAN
                                            Attorney for Defendant ORACLE AMERICA, INC.