CLARICE C. LIU (SBN 160555)
LIU EMPLOYMENT LAW FIRM
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 288-8622
Facsimile: (415) 288-8633
Email: ccl@liuemploymentlaw.com

Attorneys for Plaintiff
IAN SPANDOW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN SPANDOW,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE AMERICA, INC., ORACLE CORPORATION, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. C-14-00095-SBA<br><br>**PLAINTIFF IAN SPANDOW'S OBJECTIONS TO EVIDENCE RE: DECLARATIONS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: June 2, 2015<br>Time: 1:00 p.m.<br>Location: 1301 Clay Street, Oakland, CA 94612<br><br>Judge: Hon. Saundra Brown Armstrong |

Plaintiff Ian Spandow ("Plaintiff") objects on the grounds set forth below to the following evidence, declarations, and exhibits submitted by Defendants Oracle America Inc. and Oracle Corporation (together "Defendants") in support of Defendants' Motion for Summary Judgment.

**THE COURT SHOULD STRIKE ALL DECLARATIONS AS UNTIMELY.**

The U.S. District Court for the Northern District of California Local Rule ("Local Rule") 7-2 requires that a motion be filed at least 35 days before the hearing date.

> "**Time**. Except as otherwise ordered or permitted by the assigned Judge or these Local Rules, and except for motions made during the course of a trial or hearing, all motions must be <u>filed, served and noticed</u> in writing on the motion calendar of the assigned Judge for hearing <u>not less than 35 days</u> after filing of the motion. Fed. R. Civ. P. (6)(d) does not apply and thus does not extend this deadline.

Local Rule 7-2(a) (emphasis added).

In this case, Defendants noticed a hearing date of June 2, 2015. Accordingly, Defendants' motion must be filed by April 28, 2015. However, all of the Declarations in Support of Defendants' Motion for Summary Judgment were not filed until **after** the midnight of the date of the deadline. Local Rule 5-1(e) sets forth the timing for the completion of such electronic filing. As stated in Rule 5-1(e):

> (3) Completion of Filing. Electronic transmission of a document in compliance with court procedures shall, upon receipt by the Clerk of the entire document and the sending of a Notice of Electronic Filing ("NEF") by the ECF system, constitute filing of the document for all purposes and shall constitute entry of that document on the docket maintained by the Clerk pursuant to Fed. R. Civ. P. 58 and 79, and Fed. R. Crim. P. 49 and 55.
>
> (4) Deadlines. All electronic filings of documents must be completed as described in Civil L.R. 5-1(e)(3) <u>prior to midnight in order to be considered timely filed that day</u>.

Local Rule 5-1(e) (emphasis added).

In violation of Local Rule 5-1 and 7-2, Defendants filed the Motion for Summary Judgment and supporting documents after midnight of the due date. Specifically, according to the CM/ECF system, Defendants' Declarations were filed at the following time:

-2-
PLAINTIFF IAN SPANDOW'S OBJECTIONS TO EVIDENCE RE: DECLARATIONS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

- Declaration of Keith Trudeau in Support for Motion for Summary Judgment – Wednesday **4/29/2015 12:01 a.m.**
- Declaration of Matthew Benelli in Support for Motion for Summary Judgment – Wednesday **4/29/2015 12:06 a.m.**
- Declaration of Melissa Bogers in Support for Motion for Summary Judgment – Wednesday **4/29/2015 12:10 a.m.**
- Declaration of Ryan Kelley in Support for Motion for Summary Judgment – Wednesday **4/29/2015 12:12 a.m.**
- Declaration of Sue Downer in Support for Motion for Summary Judgment – Wednesday **4/29/2015 12:14 a.m.**
- Declaration of Tatyana Rozenblum Latham in Support for Motion for Summary Judgment – Wednesday **4/29/2015 12:16 a.m.**

Declaration of Clarice C. Liu In Support of Opposition to Defendants' Motion for Summary Judgment ("Liu Decl.") ¶ 2; Exh. 1.

Further, when a filing error is based on an attorney's inattentiveness to or negligence regarding e-filing procedures, courts have repeatedly rejected arguments for equitable tolling of a filing period or excusable neglect:

- Rejecting excusable neglect because an attorney's failure to familiarize himself with filing procedures led him to missing a deadline. *Kanoff v. Better Life Renting Corp.*, 350 F. App'x 655, 658 (3d Cir. 2009).

- An attorney's failure to comply with local e-filing rules "can hardly be considered the result of excusable neglect." *McDowell-Bonner v. D.C.*, 668 F. Supp. 2d 124, 126-127 (D.D.C. 2009).
- Equitable tolling was not available to the plaintiff because by waiting until "last possible day" to file, the plaintiff's attorney's filing errors—which led to missed deadline—were not beyond his control. *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 50 (6th Cir. 2008).

- Arguing that the court should consider a document timely filed because the attorney mistakenly believed that document was timely failed because counsel's unfamiliarity with an electronic filing system"does not support a finding of equitable tolling. *Johnson v. Astrue*, Civil Action No. 3:09-CV-46, 2010 WL 2365527, at*3 (D. W. Va. June 8, 2010).

In this case, the Declaration of Keith Trudeau, the Declaration of Matthew Benelli, Declaration of Melissa Bogers, Declaration of Ryan Kelley, Declaration of Sue Downer,

-3-

Declaration of Tatyana Rozenblum Latham should all be stricken as untimely.

Respectfully Submitted By,

DATED: May 12, 2015   LIU EMPLOYMENT LAW FIRM

By: _____
CLARICE C. LIU
Attorney for Plaintiff Ian Spandow

-4-
PLAINTIFF IAN SPANDOW'S OBJECTIONS TO EVIDENCE RE: DECLARATIONS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT